UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



------------------------------------------------------------------X

BETZAYDA FRATICELLI



                                    Plaintiff,

                                                                    Jury Trial Demand

        -against-

                                                                    Complaint
                                                                    JOHNSON

THE CITY OF NEW YORK; RAYMOND W. KELLY, Police
Commissioner; GEORGE A. GRASSO, First Deputy Commissioner;
JO ELLEN KUNKEL, Deputy Chief, Housing Bureau; JULIE
L. SCHWARTZ, Assistant Commissioner, Department Advocates
Office; DAVID H. GREEN, Agency Attorney, Department
Advocates Office; ROBERT DE PUTRON, Captain, Patrol Borough
Staten Island; THOMAS GLEAVY, Captain, 120th Precinct;
ALFRED MOBERS, Retired Sergeant, 120th Precinct; RAFAEL
PINIERO, Chief, Personnel Bureau; GEORGE W. ANDERSON,
Deputy Chief, Executive Officer, Personnel Bureau; MICHAEL P.
O'NEILL, Deputy Chief, Employee Relations Section; CHARLES
MICHAEL MARTINEZ, Deputy Chief Surgeon, Medical Division;
JACQUELINE MC CARTHY, Retired Lieutenant, Counseling Services
Unit; DANIEL SWEENEY, Sergeant, Counseling Services Unit;
SUZANNE GIMBLET, Detective, Counseling Services Unit;
VIVIAN MURPHY, Counseling Services Unit, each being sued
individually and in their official capacities as employees of the
Police Department City of New York; MARWORTH ALCOHOL
AND CHEMICAL DEPENDENCY CENTER aka MARWORTH
and its agents.

                                    Defendants.

------------------------------------------------------------------X


        The plaintiff BETZAYDA FRATICELLI, by her attorneys, Jeffrey L. Goldberg, P.C., as

and for her complaint against defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY;

GEORGE A. GRASSO; JO ELLEN KUNKEL; JULIE L. SCHWARTZ; DAVID H. GREEN;

ROBERT DE PUTRON; THOMAS GLEAVY; ALFRED MOBERS; RAFAEL PINIERO;

GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ;

1

JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN

MURPHY; and MARWORTH, respectfully set forth and allege that:

### INTRODUCTION

1.      This is an action for equitable relief and money damages on behalf of the plaintiff

BETZAYDA FRATICELLI, (hereinafter referred to as "plaintiff") who was, and who is

prospectively deprived of her civil and constitutional rights as a result of the defendants racketeering

activities, race, color, national origin, gender and disability discrimination.

### JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§

1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

(a)      the Racketeer Influenced and Corrupt Organization Act pursuant to 18

U.S.C. § 1962(c), making it illegal for any person employed by or associated with any enterprise

engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or

participate, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of

racketeering activity;

(b)      the Racketeer Influenced and Corrupt Organization Act pursuant to 18

U.S.C. § 1962(d), making it unlawful for any person to conspire to violate any of the provisions

of subsection (a), (b), or (c) of 18 U.S.C. 1962;

(c)      the Racketeer Influenced and Corrupt Organization Act pursuant to 18

U.S.C. § 1964(c), affording the opportunity for any person injured in his business or property by

reason of a violation of section 1962, may sue therefore in any appropriate United States district

court and shall recover threefold the damages he sustains and the cost of the suit, including a

reasonable attorney's fee;

(d)     Title VII of the Civil Rights Act of 1964 (hereinafter referred to as "Title VII") providing for injunctive and other relief against discrimination in employment on the basis of race, color, national origin and gender;

(e)     Title I of the Americans with Disabilities Act of 1990 (hereinafter referred to as the "ADA") providing for injunctive and other relief against discrimination in employment on the basis of disability and/or individuals regarded as having a disability;

(f)     the Civil Rights Act of 1866, 42 U.S.C. § 1981, providing for the protection of all person's right to make and enforce contracts under the color of state law;

(g)     the Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law;

(h)     the Civil Rights Act of 1871, 42 U.S.C. § 1985(3), providing for protection from conspiracies to interfere with a person's civil rights;

(i)     the Establishment Clause of the First Amendment of the Bill of Rights of the United States Constitution, providing for protection against interference with a person's right to freedom of religion.

3.     The unlawful employment practices, violations of plaintiff's civil rights and tortious acts complained of herein were committed within the Eastern and Southern Districts of New York and the Middle District of Pennsylvania.

4.     The pendent jurisdiction of the federal district court is invoked with respect to the plaintiff's claims under New York State Executive Law § 296; New York City Administrative Code § 8-502; Aiding and Abetting and the Breach of Fiduciary Duty; and Unjust Enrichment, pursuant to 28 U.S.C. 1367, because the entire action before the court comprises one civil, constitutional and statutory rights case, and the claims arise out of the same common nucleus of facts and are such that

3

the plaintiff would ordinarily be expected to try them in one judicial proceeding.

## PLAINTIFF

5.        Plaintiff is a female citizen of the United States of America and is over twenty-one (21) years of age, a resident of the county of New York and is an employee of defendant THE CITY OF NEW YORK (hereinafter referred to as the "CITY") more specifically the Police Department City of New York (hereinafter referred to as the "NYPD"). For the purposes of this litigation defendant CITY may be identified interchangeably using CITY or NYPD to identify the employer which is the CITY.

## DEFENDANTS

6.        Defendant CITY was and is a municipal corporation organized and existing under and by virtue of the law of the State of New York, and at all relevant times was plaintiff's employer, with its central offices in the county of New York, and diverse other offices and facilities throughout the State of New York.

7.        Defendant CITY is an employer within the definitions contained in 42 U.S.C. § 12111(5), employing more than fifteen (15) employees, and is engaged in an industry affecting commerce.

8.        Defendants RAYMOND W. KELLY, Police Commissioner; GEORGE A. GRASSO, First Deputy Commissioner; JO ELLEN KUNKEL, Deputy Chief, Housing Bureau; JULIE L. SCHWARTZ, Assistant Commissioner, Department Advocates Office; DAVID H. GREEN, Agency Attorney, Department Advocates Office; ROBERT DE PUTRON, Captain, Patrol Borough Staten Island; THOMAS GLEAVY, Captain, 120th Precinct; ALFRED MOBERS, Retired Sergeant, 120th Precinct; RAFAEL PINIERO, Chief, Personnel Bureau; GEORGE W. ANDERSON, Deputy Chief, Executive Officer, Personnel Bureau; MICHAEL P.

O'NEILL, Deputy Chief, Employee Relations Section; CHARLES MICHAEL MARTINEZ, Deputy Chief Surgeon, Medical Division; JACQUELINE MC CARTHY, Retired Lieutenant, Counseling Services Unit; DANIEL SWEENEY, Sergeant, Counseling Services Unit; SUZANNE GIMBLET, Detective, Counseling Services Unit; VIVIAN MURPHY, Counseling Services Unit, each being sued individually and in their official capacities as employees of the NYPD.

9.      Defendant MARWORTH ALCOHOL AND CHEMICAL DEPENDENCY CENTER and its agents (hereinafter referred to collectively as MARWORTH) is an entity of the Geisinger Health System and was formed in accordance with the laws of the Commonwealth of Pennsylvania. MARWORTH located in Waverly, Pennsylvania, provides inpatient and outpatient alcohol and chemical dependency treatment programs to employees of defendant CITY.

10.      Defendant MARWORTH is also registered as a Foreign Not For Profit Corporation in the State of New York with its registered representative listed as the CT Corporation Systems 111 Eighth Avenue, New York, N.Y. 10011.

## PROCEDURAL REQUIREMENTS

11.      Plaintiff has filed suit with this Court within the applicable statute of limitations period.

12.      Plaintiff is not required to exhaust any administrative procedures prior to suit under the Racketeer Influenced and Corrupt Organization Act, the Civil Rights Act of 1866, the Civil Rights Act of 1871 or the United States Constitution.

13.      On or about May 18, 2005, plaintiff sought assistance from the United States Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC").

14.      On or about June 15, 2005, plaintiff received a Dismissal and Notice of Right to

5

Sue from the EEOC.

## BACKGROUND

15.     Plaintiff is a Hispanic female detective employed with the NYPD.

16.     Plaintiff alleges that on or about July 28, 2004, she was involved in an off-duty incident where she was asked by her then building superintendent Martin Vasquez (hereinafter referred to as "Mr. Vasquez"), to assist him with the removal of disorderly youths from the rooftop.

17.     Plaintiff alleges that Mr. Vasquez told her that he is constantly dealing with the chronic problem of disorderly youths on the rooftop smoking weed etc., and the police from the 120th Precinct are no help because it is a minority community.

18.     Plaintiff alleges that some of the youths were later identified as Philip Alexandrini, Tatyana Bichkova, Frances Ignhingolo and Bernice Aponte.

19.     Plaintiff alleges that she accompanied Mr. Vasquez up to the rooftop. While ascending the stairs, she held her Glock 19 9MM service weapon in her right hand with the barrel pointed downward.

20.     Plaintiff alleges that the Glock 19 is made of high impact resistant polymer synthetic materials designed primarily for military and law enforcement usage, more importantly, is designed to absorb light sources where the weapon could not be easily seen in ones hand.

21.     Plaintiff alleges that she never raised or pointed her service weapon at anyone during the entire incident.

22.     Plaintiff alleges that once she reached the rooftop landing where it was very dark, a girl later identified as Tatayana Bichkova approached her in a hostile and aggressive manner while yelling at her.

23.    Plaintiff alleges that she could see shadows on the rooftop but she could not make out the individuals.

24.    Plaintiff alleges that as a safety precaution, she re-holstered her service weapon so there would not be an accidental discharge.  Meanwhile, she ordered everyone to exit the roof.

25.    Plaintiff alleges that the youths on the rooftop were later identified as Mr. Philip Alexandrini, Ms. Frances Ignhingolo, and Bernice Aponte.

26.    Plaintiff alleges that once everyone left the rooftop, Ms. Bichkova called 911 and alleged that the plaintiff was a wild and crazy lady with a gun.

27.    Plaintiff alleges that Ms. Bichkova did not tell the police in her initial call that the plaintiff pointed a gun at her head, waved and pointed her gun at everyone, pushed her down the stairs and cursed everyone out.

28.    Plaintiff alleges that shortly thereafter, defendants' THOMAS GLEAVY and ALBERT MOBERS arrived at the location.

29.    Plaintiff alleges that defendants' THOMAS GLEAVY and ALBERT MOBERS did not visit the rooftop as part of their initial investigation into whether or not any of the witnesses could in fact she the plaintiff engaging in any alleged misconduct.

30.    Plaintiff alleges that defendants' THOMAS GLEAVY and ALBERT MOBERS would have investigated this case differently if the officer involved was not minority.

31.    Plaintiff alleges that defendants' THOMAS GLEAVY and ALBERT MOBERS found her fit for duty.

32.    Plaintiff alleges that defendants' THOMAS GLEAVY and ALBERT MOBERS ordered her to turn over her service weapon and accompany them to the 120th Precinct for further investigation.

33.     Plaintiff alleges that once she arrived at the 120th Precinct, she was confined in a small room and not allowed, to eat, go to the restroom or drink anything for several hours.  Upon information and belief, defendants' JO ELLEN KUNKEL; ROBERT DE PUTRON; and THOMAS GLEAVY ordered her confinement.

34.     Plaintiff alleges that while at the 120th Precinct, Mr. Alexandrini, Ms. Bichkova, Ms. Ignhingolo, and Ms. Aponte alleged that while they were on the rooftop plaintiff failed to identify herself as a police officer, pointed her service weapon at them, screamed obscenities and used physical force to remove them from the rooftop.

35.     Plaintiff alleges that defendants' JO ELLEN KUNKEL; ROBERT DE PUTRON; THOMAS GLEAVY; ALBERT MOBERS, nor any other member of police management even bother to check the rooftop to see if the alleged witnesses could see what they claimed to have seen.

36.     Plaintiff alleges that once she arrived at the 120th Precinct, defendants' THOMAS GLEAVY and ALBERT MOBERS each filed a Supervisors Fitness For Duty Report where they now noted that she was "unfit for duty."

37.     Plaintiff alleges that she did not have any alcoholic beverages that night.  More importantly, she never left the custody and presence of defendants' THOMAS GLEAVY and ALBERT MOBERS.

38.     Plaintiff alleges that defendants' THOMAS GLEAVY and ALBERT MOBERT filed the aforementioned reports to justify a suspension from duty.

39.     Plaintiff alleges that defendant ROBERT De PUTRON also filed a Supervisors Fitness For Duty Report, where he initially checked her eyes "were apparently normal" then inexplicably checked her eyes were "bloodshot."

40.     Plaintiff alleges that she was suspended from duty without pay based on the

uncorroborated and less than credible interviews of Mr. Alexandrini, Ms. Bichkova, Ms. Ignhingolo, and Ms. Aponte.

41.    Plaintiff further alleges that she was suspended from duty without pay based on an uncorroborated and subjective analysis of defendants' ROBERT DE PUTRON; THOMAS GLEAVY and ALBERT MOBERS she was unfit for duty despite the fact that earlier she was found fit for duty.

42.    Plaintiff alleges that on or about August 2, 2004, plaintiff was brought up on the Charges and Specifications for violating Department Regulations of "Fitness for Duty" and "Uniforms and Equipment" in that: "1. Said [plaintiff], assigned to Narcotics Borough South, on or about July 29, 2004, did wrongfully consume an intoxicant to the extent that said Detective was unfit for duty; 2. Said [plaintiff], assigned as indicated in Specification #1, while off-duty, on the date indicated in Specification #1, was unfit for duty while armed; 3. Said [plaintiff], assigned as indicated in Specification #1, while off-duty, on the date indicated in Specification #1, failed to ensure that his [sic] service weapon contained one (1) round of ammunition in the chamber and fifteen (15) rounds in the magazine at all times, as required."

43.    Plaintiff alleges that upon information and belief, defendants' GEORGE A. GRASSO; JULIE L. SCHWARTZ and DAVID H. GREEN proffered these charges against her without completing a full and fair investigation.

44.    Upon information and belief, under the directions and guidance of defendants' GEORGE A. GRASSO; JULIE L. SCHWARTZ and DAVID H. GREEN, minority police officers are being unfairly disciplined at an inordinately higher rate than white officers although their census numbers are much lower.

45.    Plaintiff alleges that on or about January 13, 2006, she filed a Credentialed

Alcoholism and Substance Abuse Counselor Complaint Form which stated "I went to the Counseling Unit where I was asked all sorts of questions regarding my use of alcohol. After filling out and signing numerous paperwork I was told that I had to go away to a Rehabilitation Center for alcoholism. I was refusing because I have a child at home and had nobody to care for him. I was told that I would be suspended from work if I did not go to the Rehab center. After the 28 days I was ordered to go to AA Meetings for 3 months plus attend a counseling session once a week at the counseling Unit. I am still awaiting reinstatement to full duty."

46.     Plaintiff alleges that on or about January 30, 2006, under the directions and guidance of defendants' GEORGE A. GRASSO; JULIE L. SCHWARTZ and DAVID H. GREEN, her Charges and Specifications were amended to include violations of Department Regulations of "Public Contact – Prohibited Conduct, General Regulations;" "Public Contact – General, General Regulations;" and "Firearms – General Regulations, Uniforms and Equipment" in that "1. Said [plaintiff], assigned to Narcotics Borough Brooklyn South, on or about July 29, 2004, at about 2100 hours, while on sick report and off-duty, while on the rooftop of 51 Courson Place, did engage in conduct prejudicial to the good order, efficiency and discipline of the Department, in that said Detective did improperly display a firearm, without identifying her self as a police officer, and instruct several individuals known to the Department to leave said locations, causing said individuals to become alarmed and fear for their personal safety; 2. Said [plaintiff], assigned as indicated in Specification #1, at or about the time, date and location indicated in Specification #1, was discourteous to a person or persons known to the Department, in that said Detective said, in substance, "Get the fuck off the roof.; 3. Said [plaintiff], assigned as indicated in Specification #1, on or about July 29, 2004, did fail to ensure that her service weapon contained one (1) round of ammunition in the chamber and fifteen (15) rounds in the

magazine at all times, as required."

47.     Plaintiff alleges that shortly thereafter, she was forced to enter the inpatient alcohol treatment program at defendant MARWORTH in order to avoid being suspended without pay.

48.     Plaintiff alleges that she successfully completed the program.

49.     Plaintiff alleges that she has returned to work on modified duty which is desk duty only.

50.     Plaintiff alleges that on or about August 29, 2006, her administrative trial was held in One Police Plaza and she is awaiting a finding.

51.     Plaintiff alleges that Commissioner James F. Hanley, through defendant CITY's Office of Labor Relations improperly ceded authority of defendant CITY's Employee Assistance Program (hereinafter referred to as an EAP) relating to employees of the NYPD more specifically the Counseling Services Unit without controlled oversight and allowing it to operate as an EAP without the appropriate certification or waiver from the New York State Office of Alcoholism and Substance Abuse Services (hereinafter referred to as OASAS) or other appropriate governing authority.

52.     Plaintiff alleges that from July 28, 2004, until this day, defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY has violated her civil rights as well as other similarly situated employees regarded as disabled employees due to chronic alcohol dependency although there were no changes in their level of job performance.

53.     Plaintiff alleges that from July 28, 2004, until this day, defendants' RAYMOND

W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY as well as other members of the Medical Division, Employee Relations Section and the Counseling Services Unit to coerce plaintiff as well as other similarly situated employees into waiving their HIPPA Rights to restrict the release of their personal medical records under the threat of suspension and/or termination. Defendants CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY as well as other members of the Medical Division, Employee Relations and the Counseling Services Unit then also refused to allow plaintiff as well as other similarly situated employees to view the contents their own case folders.

54.     Plaintiff alleges that from July 28, 2004, until this day, defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY as well as other members of the Medical Division, Employee Relations Section and the Counseling Services Unit to coerce plaintiff as well as other similarly situated employees under the threat of suspension and/or termination into signing a non-negotiable Counseling Contract without the benefit of legal counsel. Defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY as well as other members of the Medical Division, Employee Relations Section and the Counseling Services Unit would then strictly enforce the conditions of the

contract against plaintiff and other similarly situated employees when they had no actual knowledge of the conditions because a copy of the Counseling Contract was never provided to them. Nor were the legal ramifications of the contract explained to them.

55.    Plaintiff alleges that from July 28, 2004, defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY as well as other members of the Medical Division, Employee Relations Section and the Counseling Services Unit to coerce plaintiff as well as other similarly situated employees into waiving their informed consent rights under the threat of suspension and/or termination to make their own medical decisions for any treatment.

56.    Plaintiff alleges that from July 28, 2004, until this day, that she and other similarly situated employees were forced to attend inpatient residential and outpatient treatment programs such as defendant MARWORTH when defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY as well as other members of the Counseling Services Unit knew that they could not be medically and/or ethically treated because they did not meet the criteria of chronic alcohol dependency and/or because of sustained remission. Plaintiff further alleges that defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY as well as other members of the Counseling Services Unit would use their positions as fiduciaries to authorize fraudulent billings to insurance carriers, self insurers and/ not for profit organizations such as Aetna US Healthcare, the Red Cross, the New

13

York City Police Foundation, the Liberty Management Group, defendant CITY's Operating Budget Account or directly to the plaintiff. The billing method depended on whether or not the insurance carrier denied the claim. Upon information and belief defendant MARWORTH knew or should have known that the plaintiff as well as other similarly situated employees were being forced to attend their respective programs against their will or that they did not meet the chronic alcohol dependency criteria.

57.     Plaintiff alleges that from September 2003, until March 2005, defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; and DANIEL SWEENEY improperly and without legal excuse allowed defendant SUZANNE GIMBLET to hold herself out as a CASAC certified alcohol counselor while her certification was lapsed. Defendant SUZANNE GIMBLET's credentials were lapsed in or around September 2003, and were reinstated in or around March 2005. During such period, defendant SUZANNE GIMBLET, continued to counsel plaintiff as well as other similarly situated employees; act as a CASAC certified Case Manager and/or Counselor and refer plaintiff as well as other similarly situated employees to various alcohol treatment programs including defendant MARWORTH.

58.     Plaintiff alleges that from July 28, 2004, until this day, defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed members of the Medical Division, Employee Relations Section and the Counseling Services Unit to utilize uncertified alcohol counselors and/or trainees to counsel and/or refer plaintiff as well as other similarly situated employees to inpatient residential and outpatient alcohol treatment programs such as defendant MARWORTH without medical necessity. Plaintiff alleges that such treatment

14

programs included unnecessary medical treatment, duplicative diagnostic testing, miscoding or upcoding of services, bundling and unbundling of services, and forced time in isolation for detoxification. Plaintiff further alleges that such activities were solely for the purpose of generating fees and revenue to defraud insurance carriers, self insurers and/ not for profit organizations such as Aetna US Healthcare, the Red Cross, the New York City Police Foundation, the Liberty Management Group, defendant CITY and/or the plaintiff.

59.    Plaintiff alleges that from July 28, 2004, until this day, defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY as well as other members of the Counseling Services Unit to improperly and illegally refer plaintiff as well as other similarly situated employees to inpatient residential and outpatient alcohol treatment programs under the threat of suspension and/or termination.

60.    Plaintiff alleges that from July 28, 2004, until this day, defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY as well as other members of the Counseling Services Unit to force plaintiff as well as other similarly situated employees into inpatient residential and outpatient alcohol treatment programs. Plaintiff alleges that the Counseling Services Unit would make referrals to inpatient residential and outpatient alcohol treatment programs although there were no findings of chronic alcohol abuse. Plaintiff alleges that such referrals were solely for the financial benefit of defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and

15

VIVIAN MURPHY as well as other members of the Counseling Services Unit; and MARWORTH. Upon information and belief, defendant SUZANNE GIMBLET maintains a log to track referrals made to the various programs for the defendant's financial gain. Additionally, as part of defendant JACQUELINE MC CARTHY'S financial kickback, she is now employed by the Long Island Center for Recovery (hereinafter referred to as LICR) as a Counselor or related position in violation of New York City Charter § 2604 (8)(d)(1). LICR is a named defendant in several related lawsuits.

61.     Plaintiff alleges that from July 28, 2004, until this day, defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed the Counseling Services Unit to retain employees who are not only uncertified but, use the same inpatient residential and outpatient alcohol treatment programs to obtain falsified continuing education credits to fulfill OASAS credentialing requirements although they did not attend any classes or study any of the course material.

62.     Plaintiff alleges that from July 28, 2004, until this day, defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY as well as other members of the Counseling Services Unit to refer plaintiff as well as other similarly situated employees to the Twelve Steps Religious Based Alcohol Anonymous Program under the threat of suspension and/or termination without offering alternative programs in violation of the Establishment Clause of the First Amendment of the United States Constitution.

63.     Plaintiff alleges that on or about July 28, 2004, until this day, plaintiff and similarly situated employees are being forced to continue being monitored by the Counseling Services Unit under threat of suspension and/or termination including submitting to Breathalyzer Tests, Urinalysis and Random Home Visits.   Plaintiff further alleges that to this day, defendants' CITY; RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY continues to monitor plaintiff and other similarly situated minority police officers with its Counseling Services Unit at an inordinately high rate as opposed to non-minority police officers who are generally not subject to such monitoring by defendants'.  Defendants' CITY; RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY continues to utilize the services of defendant MARWORTH who act in collusion to continue this violative pattern and practice of discrimination.

64.     Plaintiff alleges that in or around July 28, 2004, she was forced to join defendant MARWORTH under the threat of suspension and/or termination by agents of the Counseling Services Unit. Plaintiff further alleges that while a resident at defendant MARWORTH, defendant MARWORTH engaged in unnecessary medical treatment, duplicative diagnostic testing, miscoding or upcoding of services, bundling and unbundling of services, and forced time in isolation for detoxification. Plaintiff further alleges that such activities were solely for the purpose of generating fees and revenue to defraud insurance carriers, self insurers and/ not for profit organizations such as Aetna US Healthcare, the Red Cross, the New York City Police Foundation, the Liberty Management Group, defendant CITY and/or the plaintiff.

65. Based on the foregoing, plaintiff feels that her rights were and are being violated by defendants' CITY; RAYMOND W. KELLY; GEORGE A. GRASSO; JO ELLEN KUNKEL; JULIE L. SCHWARTZ; DAVID H. GREEN; ROBERT DE PUTRON; THOMAS GLEAVY; ALFRED MOBERS; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; and MARWORTH.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### CONSPIRACY
### IN VIOLATION OF
### THE RACKETEER INFLUENCED AND CORRPUPT ORGANIZATIONS ACT

66. Plaintiff re-alleges paragraphs1 through 65 and incorporates them by reference as paragraphs 1 through 65 of Count I of this Complaint.

67. This cause of action is brought pursuant to 18 U.S.C. § 1964(c).

68. As set forth above, in violation of 18 U.S.C. § 1962(d), defendants JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY and MARWORTH have conspired to violate 18 U.S.C. § 1962(c).

69. As a direct and proximate result, plaintiff and other similarly situated employees have been injured in their property by the predicate acts constituting a pattern of racketeering activity. Specifically, plaintiff and other similarly situated employees have been injured by, among other things, numerous confinements against her will, loss of pension and opportunity rights, legal fees to assert her rights, paying excessive premiums for insurance and other related services than they would have in the absence of the conspiracy.

70. Accordingly, defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; and MARWORTH are liable to the plaintiff for

three times her actual damages as proven at trial plus interest and attorney's fees.

## COUNT II
## RACKEETEERING ACTIVITY
## IN VIIOLATION OF
## THE RACKETEER INFLUENCED AND CORRUPT ORGANZATIONS ACT

71.    Plaintiff re-alleges paragraphs 1 through 70 and incorporates them by reference as paragraphs 1 through 70 of Count II of this Complaint.

72.    This cause of action is brought pursuant to 18 U.S.C. § 1964(c), for violations of 18 U.S.C. § 1962(c).

73.    As set forth above, in violation of 18 U.S.C. § 1962(c), defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; and MARWORTH have conducted or participated in the conduct of the affairs of the Fraudulent Chemical Dependency Enterprise via the Counseling Services Unit through a pattern of racketeering activity.

74.    As a direct and proximate result, plaintiff and other similarly situated employees have been injured in their property by the predicate acts constituting the pattern of racketeering activity.  Specifically, plaintiff and other similarly situated employees have been injured by, among other things, numerous confinements against her will, loss of pension and opportunity rights, legal fees to assert her rights, paying excessive premiums for insurance and other related services than they would have in the absence of the defendants' conduct.

75.    Accordingly, defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; and MARWORTH are liable to the plaintiff for three times her actual damages as proven at trial plus interest and attorney's fees.

## COUNT III
### INJUNCTIVE AND DECLARATORY RELIEF UNDER THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT

76.    Plaintiff re-alleges paragraphs 1 through 75 and incorporates them by reference as paragraphs 1 through 75 of Count III of this Complaint.

77.    This claim arises under 18 U.S.C. § 1964(a), which authorizes the Court to enjoin violations of 18 U.S.C. § 1962, and under 28 U.S.C. § 2201, which authorizes declaratory relief.

78.    As set forth in plaintiff's Count I and II and in this Complaint, defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; and MARWORTH have violated 18 U.S.C. §§ 1962(c) and (d) on a continuing basis and unless enjoined, will continue to do so in the future.

79.    As set forth plaintiff has no adequate remedy at law to prevent future violations of 18 U.S.C. §§ 1962(c) and (d), in the absence of injunctive and declaratory relief.

80.    Accordingly, plaintiff is entitled to declaratory relief declaring the illegal and conspiratorial conduct alleged herein to be in violation of 18 U.S.C. §§ 1962(c) and (d) and injunctive relief enjoining defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY; and MARWORTH from further violations of 18 U.S.C. §§ 1962(c) and (d).

## COUNT IV
### AIDING AND ABETTING BREACH OF FIDICUARY DUTY

81.    Plaintiff re-alleges paragraphs 1 through 80 and incorporates them by reference as paragraphs 1 through 80 of Count IV of this Complaint.

82.    As alleged above, a fiduciary relationship existed between plaintiff and defendants' CITY; RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON;

MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY and MARWORTH.

83.     Defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY and MARWORTH breached this duty by acting in their own pecuniary interests and in disregard of the interests of the plaintiff as well as other similarly situated employees as set forth above.

84.     Defendants' CITY; RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY and MARWORTH knowingly participated in that breach by, among other things, engaging in the fraudulent and conspiratorial conduct described above.

85.     Plaintiff has suffered damages proximately caused by defendants' CITY; RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ's participation in defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY and MARWORTH's breach.

86.     Accordingly, defendants' are liable to the plaintiff for damages in an amount to be proven at trial.

## COUNT V
## UNJUST ENRICHMENT

87.     Plaintiff re-alleges paragraphs 1 through 86 and incorporates them by reference as paragraphs 1 through 86 of Count V of this Complaint.

88.     Defendants' JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY and MARWORTH have benefited from their unlawful acts of

fraudulent and unnecessary medical billings by receiving wired funds and/or gratuities across states lines from insurance carriers, self insurers and not for profit organizations. These payments have been received by the defendants at the plaintiff's expense, under circumstances where it would be inequitable for the defendants to be permitted to retain the benefit.

## COUNT VI
## GENDER, RACE, COLOR AND NATIONAL ORIGIN DISCRIMINATION
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

89.    Plaintiff re-alleges paragraphs 1 through 88 and incorporates them by reference as paragraphs 1 through 88 of Count VI of this Complaint.

90.    Plaintiff alleges that defendant CITY engaged in a pattern and practice of discrimination against her with respect to the terms, conditions and privileges of employment because of the plaintiff's gender, race, color and national origin in violation of 42 U.S.C. § 2000e-2.

91.    As part of its pattern and practice of employment discrimination defendant CITY treated plaintiff in a manner indicative of gender, race, color and national origin discrimination, with respect to its investigation, analysis, and subsequent cover-up, of their discriminatory behavior.

92.    The failure of defendant CITY to thoroughly investigate plaintiff's allegations of gender, race, color and national origin discrimination.

93.    Defendant CITY knew or should have known about gender, race, color and national origin discrimination in the workplace because of their prior history of discriminatory conduct against the plaintiff and other similarly situated individuals.

94.    Defendant CITY failed and refused to take appropriate action to end the discriminatory treatment and conditions which plaintiff was subjected to, which was clearly motivated by gender, race, color and national origin discrimination in a clear demonstration of

bad faith.

95.    That as a result of the discriminatory acts of defendant CITY plaintiff suffered depression and anxiety.

96.    Defendant CITY acted in an outrageous and systematic pattern of oppression, bad faith and cover-up, directed at plaintiff and continued from in or about July 29, 2004, until this day.

97.    As a result of the acts of defendant under color of law, plaintiff suffered emotional distress, humiliation and embarrassment, loss of pension rights, medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT VII
## RETALIATION
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

98.    Plaintiff re-alleges paragraphs 1 through 97 and incorporates them by reference as paragraphs 1 through 97 of Count VII of this Complaint.

99.    Plaintiff alleges that defendant CITY engaged in various retaliatory actions against plaintiff as a result of her opposition to gender, race, color and national origin discrimination and as a result of her filing such complaints with the NYPD and the EEOC, in violation of 42 U.S.C. § 2000e-3(a).

100.    That as a result of the illegal acts of defendant CITY plaintiff suffered depression and anxiety.

## COUNT VIII
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

101.    Plaintiff re-alleges paragraphs 1 through 100 and incorporates them by reference as paragraphs 1 through 100 of Count VIII of this Complaint.

102.    Plaintiff alleges that defendant CITY engaged in various severe and hostile actions towards plaintiff as a result of her opposition to gender, race, color and national origin discrimination and as a result of her filing such complaints with the NYPD and the EEOC.

103.    That as a result of the severe and hostile acts of the defendant CITY plaintiff suffered depression, anxiety and loss of job opportunities.

## COUNT IX
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990

104.    Plaintiff re-alleges paragraphs 1 through 103 and incorporates them by reference as paragraphs 1 through 103 of Count IX of this Complaint.

105.    At all relevant times, plaintiff has been regarded as a qualified individual with a disability within the meaning of 42 U.S.C. §12102. More particularly, plaintiff is regarded by the NYPD as a qualified individual with a mental impairment due to chronic alcohol abuse.

106.    Defendant CITY failure to treat plaintiff in a manner comparable to other similarly situated individuals regarded as a qualified individual with a mental impairment due to chronic alcoholism constitutes disability discrimination against plaintiff with respect to the terms, conditions, or privileges of employment.

107.    Defendant's actions constitute a violation of 42 U.S.C. §12112(b)(5)(A).

## COUNT X
## RETALIATION
## IN VIOLATION OF
## TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990

108.    Plaintiff re-alleges paragraphs 1 through 107 and incorporates them by reference as paragraphs 1 through 107 of Count X of this Complaint.

109.    Plaintiff alleges that defendant CITY engaged in various retaliatory actions against her as a result of her opposition to disability discrimination and as a result of her expressing her first amendment right to criticize defendants for coercing her and other similarly situated individuals under threat of suspension and/or termination to seek alcohol treatment with the Twelve Step Religious Based Alcoholic Anonymous Program, in violation of 42 U.S.C. § 12203(a).

110.    That as a result of the illegal retaliatory acts of defendant CITY plaintiff has suffered from depression, anxiety, loss of pay and pension rights and loss of employment opportunities.

## COUNT XI
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990

111.    Plaintiff re-alleges paragraphs 1 through 110 and incorporates them by reference as paragraphs 1 through 110 of Count XI of this Complaint.

112.    Plaintiff alleges that defendant CITY engaged in various severe and hostile actions towards her as a result of her opposition to disability discrimination and as a result of her expressing her first amendment right to criticize defendants for coercing her and other similarly situated individuals under threat of suspension and/or termination to seek alcohol treatment with the Twelve Steps Religious Based Alcoholic Anonymous Program.

113.    That as a result of the severe and hostile acts of defendant CITY plaintiff has suffered depression, anxiety, loss of pay and pension rights and loss of employment opportunities.

## COUNT XII
## GENDER, RACE, COLOR AND NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

114.    Plaintiff re-alleges paragraphs 1 through 113 and incorporates them by reference as paragraphs 1 through 113 of Count XII of this Complaint.

That by the aforesaid discriminatory acts and omissions of defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; JO ELLEN KUNKEL; JULIE L. SCHWARTZ; DAVID H. GREEN; ROBERT DE PUTRON; THOMAS GLEAVY; ALFRED MOBERS; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY acting individually and acting in their capacities as supervisory and/or administrative officials of defendant CITY interfered with plaintiff's right to enforce contracts under the color of State Law.

115.    That the purpose of defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; JO ELLEN KUNKEL; JULIE L. SCHWARTZ; DAVID H. GREEN; ROBERT DE PUTRON; THOMAS GLEAVY; ALFRED MOBERS; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York

26

including but not limited to enjoy her right to freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, and deprivation of life, liberty, and property without due process of law.

116. Pursuant to their conduct, the defendants' acted to deprive the plaintiff of her civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

117. As a result of the aforesaid acts, depriving plaintiff of her civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

## COUNT XIII
## RETALIATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

118. Plaintiff re-alleges paragraphs 1 through 117 and incorporates them by reference as paragraphs 1 through 117 of Count XIII of this Complaint.

119. Plaintiff alleges that defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; JO ELLEN KUNKEL; JULIE L. SCHWARTZ; DAVID H. GREEN; ROBERT DE PUTRON; THOMAS GLEAVY; ALFRED MOBERS; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY engaged in various retaliatory actions against her acting individually and in their capacities as supervisory and/or administrative officials of defendant CITY as a result of her opposition to gender, race, color and national origin discrimination.

120. That the purpose of defendants' RAYMOND W. KELLY; GEORGE A.

27

GRASSO; JO ELLEN KUNKEL; JULIE L. SCHWARTZ; DAVID H. GREEN; ROBERT DE PUTRON; THOMAS GLEAVY; ALFRED MOBERS; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York.

121. Pursuant to their conduct, the defendants' acted to deprive the plaintiff of her civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

122. As a result of the aforesaid acts, depriving plaintiff of her civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

### COUNT XIV
### HOSTILE WORK ENVIRONMENT
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

123. Plaintiff re-alleges paragraphs 1 through 122 and incorporates them by reference as paragraphs 1 through 122 of Count XIV of this Complaint.

124. Plaintiff alleges that defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; JO ELLEN KUNKEL; JULIE L. SCHWARTZ; DAVID H. GREEN; ROBERT DE PUTRON; THOMAS GLEAVY; ALFRED MOBERS; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN engaged in various severe and hostile actions against her acting individually and in their capacities as supervisory

and/or administrative officials of defendant CITY as a result of her opposition to gender, race, color and national origin discrimination.

125.    That the purpose of defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; JO ELLEN KUNKEL; JULIE L. SCHWARTZ; DAVID H. GREEN; ROBERT DE PUTRON; THOMAS GLEAVY; ALFRED MOBERS; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York.

126.    Pursuant to their conduct, the defendants acted to deprive the plaintiff of her civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

127.    As a result of the aforesaid acts, depriving plaintiff of her civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

## COUNT XV
## GENDER, RACE, COLOR AND NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983 CONSPIRACY

128.    Plaintiff re-alleges paragraphs 1 through 127 and incorporates them by reference as paragraphs 1 through 127 of Count XV of this Complaint.

129.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; JO ELLEN KUNKEL; JULIE L. SCHWARTZ; DAVID H. GREEN; ROBERT DE PUTRON; THOMAS GLEAVY; ALFRED MOBERS; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL

P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY under color of law, conspired with one another to deprive plaintiff of her pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

130.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; JO ELLEN KUNKEL; JULIE L. SCHWARTZ; DAVID H. GREEN; ROBERT DE PUTRON; THOMAS GLEAVY; ALFRED MOBERS; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY acting individually and in their official capacities as supervisory and/or administrative officers of defendant CITY under color of law, and having been fully advised that plaintiff, a Hispanic female, was being deprived of her pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of her rights to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

131.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; JO ELLEN KUNKEL; JULIE L. SCHWARTZ; DAVID H. GREEN; ROBERT DE PUTRON; THOMAS

GLEAVY; ALFRED MOBERS; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY in acting to deprive plaintiff of her civil rights, failed to thoroughly investigate her allegations of gender, race, color and national origin discrimination in the workplace.

132. Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; JO ELLEN KUNKEL; JULIE L. SCHWARTZ; DAVID H. GREEN; ROBERT DE PUTRON; THOMAS GLEAVY; ALFRED MOBERS; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

133. Defendants acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about July 28, 2004, until this day.

134. As a result of the acts of the defendants' under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT XVI
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

135. Plaintiff re-alleges paragraphs 1 through 134 and incorporates them by reference as paragraphs 1 through 134 of Count XVI of this Complaint.

136. Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; JO ELLEN

31

KUNKEL; JULIE L. SCHWARTZ; DAVID H. GREEN; ROBERT DE PUTRON; THOMAS GLEAVY; ALFRED MOBERS; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY under color of law, conspired with one another to deprive plaintiff of her pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

137.   Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; JO ELLEN KUNKEL; JULIE L. SCHWARTZ; DAVID H. GREEN; ROBERT DE PUTRON; THOMAS GLEAVY; ALFRED MOBERS; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY acting individually and in their official capacities as supervisory and/or administrative officers of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of her pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of her rights to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

138.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; JO ELLEN KUNKEL; JULIE L. SCHWARTZ; DAVID H. GREEN; ROBERT DE PUTRON; THOMAS GLEAVY; ALFRED MOBERS; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY in acting to deprive plaintiff of her civil rights, failed to thoroughly investigate her allegations of discriminatory conduct in the workplace.

139.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; JO ELLEN KUNKEL; JULIE L. SCHWARTZ; DAVID H. GREEN; ROBERT DE PUTRON; THOMAS GLEAVY; ALFRED MOBERS; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

140.    Defendants' acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about July 28, 2004, until this day.

141.    As a result of the acts of the defendants' under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT XVII
## RETALIATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

142.    Plaintiff re-alleges paragraphs 1 through 141 and incorporates them by reference as paragraphs 1 through 141 of Count XVII of this Complaint.

143.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; JO ELLEN KUNKEL; JULIE L. SCHWARTZ; DAVID H. GREEN; ROBERT DE PUTRON; THOMAS GLEAVY; ALFRED MOBERS; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY under color of law, conspired with one another to deprive plaintiff of her pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

144.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; JO ELLEN KUNKEL; JULIE L. SCHWARTZ; DAVID H. GREEN; ROBERT DE PUTRON; THOMAS GLEAVY; ALFRED MOBERS; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY acting individually and in their official capacities as supervisory and/or administrative officers of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of her pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly

34

omitted to act to protect plaintiff from continuing deprivations of her rights to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

145. Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; JO ELLEN KUNKEL; JULIE L. SCHWARTZ; DAVID H. GREEN; ROBERT DE PUTRON; THOMAS GLEAVY; ALFRED MOBERS; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY in acting to deprive plaintiff of her civil rights, failed to thoroughly investigate her allegations of discriminatory conduct in the workplace.

146. Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; JO ELLEN KUNKEL; JULIE L. SCHWARTZ; DAVID H. GREEN; ROBERT DE PUTRON; THOMAS GLEAVY; ALFRED MOBERS; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

147. Defendants' acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about July 28, 2004, until this day.

148. As a result of the acts of the defendants' under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal

35

expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT XVIII
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

149.    Plaintiff re-alleges paragraphs 1 through 148 and incorporates them by reference as paragraphs 1 through 148 of Count XVIII of this Complaint.

150.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; JO ELLEN KUNKEL; JULIE L. SCHWARTZ; DAVID H. GREEN; ROBERT DE PUTRON; THOMAS GLEAVY; ALFRED MOBERS; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY under color of law, conspired with one another to deprive plaintiff of her pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

151.    Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; JO ELLEN KUNKEL; JULIE L. SCHWARTZ; DAVID H. GREEN; ROBERT DE PUTRON; THOMAS GLEAVY; ALFRED MOBERS; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY acting individually and in their official capacities as supervisory and/or administrative officers of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of her pension and

constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of her rights to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

152. Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; JO ELLEN KUNKEL; JULIE L. SCHWARTZ; DAVID H. GREEN; ROBERT DE PUTRON; THOMAS GLEAVY; ALFRED MOBERS; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY in acting to deprive plaintiff of her civil rights, failed to thoroughly investigate her allegations of discriminatory conduct in the workplace.

153. Defendants' RAYMOND W. KELLY; GEORGE A. GRASSO; JO ELLEN KUNKEL; JULIE L. SCHWARTZ; DAVID H. GREEN; ROBERT DE PUTRON; THOMAS GLEAVY; ALFRED MOBERS; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

154. Defendants acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about July 28, 2004, until this day.

155.    As a result of the acts of the defendants' under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT XIX
## FALSE IMPRISONMENT
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

156.    Plaintiff re-alleges paragraphs 1 through 155 and incorporates them by reference as paragraphs 1 through 155 of Count XIX of this Complaint.

157.    Defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY under color of law, conspired with one another to deprive plaintiff of her pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

158.    That by the improper and illegal confinement of plaintiff at defendant MARWORTH under the threat of suspension and/or termination by defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY acting individually and acting in their capacities as supervisory and/or administrative officials of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of her pension and constitutional

rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of her rights to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

159.    That by the improper and illegal confinement of plaintiff at defendant MARWORTH acting in collusion with defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY interfered with plaintiff's right to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

160.    That the purpose of defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY and MARWORTH in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy her right to freedom of speech,

movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, and deprivation of life, liberty, and property without due process of law.

161.    Pursuant to their conduct, the defendants' acted to deprive the plaintiff of her civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1983.

162.    As a result of the aforesaid acts, depriving plaintiff of her civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages, in addition to deprivation of her civil rights.

## COUNT XX
### CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1985(3)

163.    Plaintiff re-alleges paragraphs 1 through 162 and incorporates them by reference as paragraphs 1 through 162 of Count XX of this Complaint.

164.    That by the aforesaid discriminatory acts and omissions of defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY and MARWORTH acting individually and in their official capacities as supervisory and/or administrative officials of the CITY and/or independent contractor to defendant CITY conspired, planned, agreed and intended to act in manner to thereby cause economic and psychological injury to plaintiff.

165.    That the purpose of the defendants' in so acting was to prevent plaintiff from obtaining the benefits to which he was entitled under the law and from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under

the Constitution and laws of the United States and the State of New York including but not limited to enjoy her right to freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

166.    Pursuant to their conspiracy, defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; VIVIAN MURPHY and MARWORTH acted to deprive the plaintiff of her civil rights, by repeated and insidious acts of discrimination and bad faith, all in violation of 42 U.S.C. § 1985 (3).

167.    As a result of the aforesaid acts, depriving plaintiff of her civil rights, plaintiff suffered mental anguish, emotional distress, physical illness, and monetary damages.

**COUNT XVIII**
**FORCED TREAMENT IN AN ALCOHOLIC ANONYMOUS BASED PROGRAM IN VIOLATION OF THE ESTABLISHMENT CLAUSE OF THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION**

168.    Plaintiff re-alleges paragraphs 1 through 167 and incorporates them by reference as paragraphs 1 through 167 of Count XVIII of this Complaint.

169.    The First Amendment of the Bill of Rights of the United States Constitution makes it unlawful to prohibit the freedom of expression.

170.    Plaintiff alleges that defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY violated her right to freedom of expression.

171.    Defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W.

41

ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; JACQUELINE MC CARTHY; DANIEL SWEENEY; SUZANNE GIMBLET; and VIVIAN MURPHY through the Counseling Services Unit improperly and illegally forced plaintiff to attend the Twelve Steps Religious Based Alcohol Anonymous Program under the threat of suspension and/or termination.

172.    As a result of the aforesaid acts, plaintiff suffered mental anguish, emotional distress, physical illness, and monetary damages.

## COUNT XXII
## GENDER, RACE, COLOR AND NATIONAL ORIGIN DISCRIMINATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

173.    Plaintiff re-alleges paragraphs 1 through 172 and incorporates them by reference as paragraphs 1 through 172 of Count XXII of this Complaint.

174.    New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of gender, race, color and national origin. The same legal standards that apply to Title VII claims apply to claims brought under this law.

## COUNT XXIII
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

175.    Plaintiff re-alleges paragraphs 1 through 174 and incorporates them by reference as paragraphs 1 through 174 of Count XXIII of this Complaint.

176.    New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of disability. The same legal standards that apply to the ADA apply to claims brought under this law.

42

## COUNT XXIV
## RETALIATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

177.    Plaintiff re-alleges paragraphs 1 through 176 and incorporates them by reference as paragraphs 1 through 176 of Count XXIV of this Complaint.

178.    New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of gender, race, color, national origin and disability.  The law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.  The same legal standards that apply to Title VII and the ADA apply to claims brought under this law.

## COUNT XXV
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

179.    Plaintiff re-alleges paragraphs 1 through 178 and incorporates them by reference as paragraphs 1 through 178 of Count XXV of this Complaint.

180.    New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race, color and disability.  The law also makes it unlawful to create a severe and hostile environment where retaliation, gender, race, color, national origin and disability discrimination are encouraged and/or tolerated.  The same legal standards that apply to Title VII and the ADA apply to claims brought under this law.

## COUNT XXVI
## GENDER, RACE, COLOR AND NATIONAL ORIGIN DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 8-502

181.    Plaintiff re-alleges paragraphs 1 through 180 and incorporates them by reference

43

as paragraphs 1 through 180 of Count XXVI of this Complaint.

182.    New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of gender, race, color and national origin.  The same legal standards that apply to Title VII claims apply to claims brought under New York City Administrative Code § 8-502.

## COUNT XXVII
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 8-502

183.    Plaintiff re-alleges paragraphs 1 through 182 and incorporates them by reference as paragraphs 1 through 182 of Count XXVII of this Complaint.

184.    New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of disability.  The same legal standards that apply to ADA claims apply to claims brought under New York City Administrative Code § 8-502.

## COUNT XXVIII
## RETALIATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 8-502

185.    Plaintiff re-alleges paragraphs 1 through 184 and incorporates them by reference as paragraphs 1 through 184 of Count XXVIII of this Complaint.

186.    The New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of gender, race, color, national origin and disability.  The law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.  The same legal standards that apply to Title VII and the ADA apply to claims brought under this law.

44

## COUNT XXIX
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-502

187.    Plaintiff re-alleges paragraphs 1 through 186 and incorporates them by reference as paragraphs 1 through 186 of Count XXIX of this Complaint.

188.    New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of gender, race, color, national origin and disability.  The law also makes it unlawful to create a severe and hostile environment where retaliation, gender, race, color, national origin and disability discrimination are encouraged and/or tolerated.  The same legal standards that apply to Title VII and the ADA apply to claims brought under this law.

## JURY TRIAL

189.    Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

**Wherefore,** plaintiff demands compensatory and punitive damages from these

defendants jointly and severally, in an amount to be determined at trial, plus any and all available

statutory remedies, both legal and equitable, and interests and costs.

Dated:        Lake Success, N.Y.
              September 7, 2006

                                        Respectfully submitted,

                                        By: _____
                                        Eric Sanders (ES0224)

                                        Jeffrey L. Goldberg, P.C.
                                        Attorneys for Plaintiff
                                        2001 Marcus Avenue, Suite S10
                                        Lake Success, NY 11042
                                        516-775-9400